**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

**Docket Number(s)**: 15-2000-cv                                    Caption [use short title]

**Motion for**: extension of time to file opening brief/appendix

Stahl York Avenue Co., LLC v. The City of New York

Set forth below precise, complete statement of relief sought:

Appellant Stahl York Avenue Co., LLC

requests that the time to file its opening brief

and appendix be extended from Aug. 12,

2015 to Sept. 11, 2015

**MOVING PARTY**: Stahl York Avenue Co., LLC               **OPPOSING PARTY**: The City of New York and the New York City Landmarks Preservation Commission

☐ Plaintiff                    ☐ Defendant
☑ Appellant/Petitioner          ☐ Appellee/Respondent

**MOVING ATTORNEY**: Alexandra A.E. Shapiro          **OPPOSING ATTORNEY**: Zachary Carter

[name of attorney, with firm, address, phone number and e-mail]

Shapiro Arato LLP                              New York City Law Department

500 Fifth Avenue, 40th Floor, New York, NY 10110    100 Church Street, New York, NY 10007

(212) 257-4880; ashapiro@shapiroarato.com      (212) 356-1000; nycfedapp@law.nyc.gov

Court-Judge/Agency appealed from: U.S. District Court, Southern District of New York (Edgardo Ramos, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?                   ☐ Yes ☐ No
Has this relief been previously sought in this Court?    ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?    ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No  If yes, enter date: _____

**Signature of Moving Attorney:**
/s/ Alexandra A.E. Shapiro    **Date**: July 17, 2015          Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| STAHL YORK AVENUE CO., LLC,<br><br>Appellant,<br><br>v.<br><br>THE CITY OF NEW YORK and THE NEW YORK CITY LANDMARKS PRESERVATION COMMISSION,<br><br>Appellees. | **DECLARATION OF ALEXANDRA A.E. SHAPIRO IN SUPPORT OF CONSENT MOTION FOR EXTENSION OF TIME TO FILE BRIEF AND APPENDIX**<br><br>No. 15-2000-cv |

I, Alexandra A.E. Shapiro, hereby declare as follows:

1.      I am an attorney licensed to practice law in the State of New York and am admitted to practice before this Court.  I represent Appellant Stahl York Avenue Co., LLC ("Stahl"), and have first-hand knowledge of the facts stated herein.

2.      I submit this declaration in support of Stahl's motion pursuant to Federal Rule of Appellate Procedure 26(b) and Local Rule 27.1(f) to extend until September 11, 2015 the time by which Stahl must file its opening brief and appendix in this case.  Pursuant to the Court's Notice of Expedited Appeal ("Notice"), Stahl's opening brief and appendix are now due on August 12, 2015.

3.      I respectfully request a 30-day extension of time because the questions raised in this appeal are complex and additional time is needed to

conduct legal research and prepare the opening brief, and I have a personal scheduling conflict with the deadline set in the Notice.

4.     This case involves complex facts that date back to 1990.  Stahl owns 15 buildings on the Upper East Side of Manhattan that are currently subject to a landmark designation.  In 1990, the City of New York designated 13 of these buildings as a landmark, while excluding two of the buildings from the designation in order to preserve Stahl's right to develop them.  The New York Supreme Court upheld this decision in 1991.  Stahl had acquiesced to the designation of the 13 buildings as a landmark on the understanding that it was free to develop the other two buildings (the "Buildings"), and operated those buildings for 16 years based on that understanding.  However, in 2006 the New York City Landmarks Preservation Commission ("LPC"), under pressure from influential special interests, designated the Buildings as a landmark.  This decision left Stahl with two buildings that were not only unprofitable, but could not be made profitable by any reasonable means.  Stahl thus filed an administrative challenge to the landmark designation of the Buildings under Article 78 of the New York CPLR.  The New York Supreme Court denied Stahl's petition, and the Appellate Division affirmed the dismissal.

5.     Accordingly, on October 7, 2010, Stahl sought relief under the hardship provisions of the New York City Landmarks Law, which require the LPC to grant affirmative relief to owners of landmarked properties that are incapable of

2

generating a reasonable return, as defined by the statute. Stahl submitted overwhelming evidence demonstrating that it could not earn anything close to the statutory rate of reasonable return. However, on May 20, 2014, the LPC denied the hardship application, issuing a complex 48-page decision on May 29, 2014.

6.      On September 22, 2014, Stahl filed suit in the United States District Court for the Southern District of New York alleging that the LPC's decisions to landmark the Buildings and to deny Stahl's hardship application constituted a violation of its due process rights. In particular, Stahl alleged that it had a protectable property interest in a finding that it suffered an economic hardship under the Landmarks Law, based on the overwhelming evidence it presented to the LPC, the statutory language of the Landmarks Law, and the LPC's own precedent, which as a matter of New York law, it was required to follow. Stahl further alleged that the City infringed upon that interest in an arbitrary and irrational manner by denying Stahl's application through a prejudged and legally unfounded economic analysis that the LPC adopted because of improper political pressure and animus toward Stahl. On the same day, Stahl filed suit in the New York Supreme Court, bringing an Article 78 challenge to the denial of the hardship application and asserting a takings claim under the United States and New York Constitutions.[1]

_____

[1] The Article 78 and takings claims were not included in the federal suit because they had to be

3

7.     On February 27, 2015, the City moved to dismiss, arguing that the District Court should either abstain from the case, or dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  On May 21, 2015, the district court refused to abstain but granted the Rule 12(b)(6) motion.  Judgment was entered on May 27, 2015.

8.     As explained above, Stahl's appeal implicates a complex factual history.  The appeal also involves complex legal issues, which counsel requires additional time to research and brief.  For example, to state a claim for a violation of substantive due process, a plaintiff must allege that it possessed a valid property interest under the Due Process Clause of the Fourteenth Amendment.  In the context of land use regulation, such a property interest exists where a plaintiff can show a legitimate claim of entitlement to the approval of an application, a question that turns on the degree of discretion afforded to an agency to deny an application that conformed to all legal requirements.  Demonstrating Stahl's valid property interest in relief under the hardship provisions of the Landmarks Law requires an analysis of the statutory text of that Law, as well as the LPC's own precedent in other hardship applications, which, under principles of New York administrative law, the LPC must follow.

9.     In addition, I am scheduled to be out of the country on vacation with

---

brought in state court under controlling precedent.

4

my family for the entire week when the brief is presently due, between August 9 and August 16.  The airfare for the five members of my family is non-refundable and the dates were chosen to conform to school schedules for my three children.

10.    For these reasons, Stahl respectfully requests that the Court extend by 30 days the time prescribed by the Notice to file its opening brief and appendix, such that the brief and appendix will be due September 11, 2015.

11.    Stahl has made no prior application to extend the deadline to file its opening brief and appendix in this appeal.

12.    Appellees consent to the proposed extension of time.

13.    I declare under penalty of perjury that the foregoing is true and correct.


Dated:      July 17, 2015
            New York, New York

                                                    __/s/ Alexandra A.E. Shapiro__
                                                    Alexandra A.E. Shapiro

5